## EDWARD WELLS ET AL *v.* JAMES A. RAGLAND ET AL.

**Landlord and Tenant—Lease—Reduction in Rental by Loss of use of Part of Property.**

A farm and mill was leased providing "that in case the mill dam should be removed by law, during said term (five years) a proper reduction in rent shall be made, etc., also providing for a payment of $1000.00 annually. **Held,** that no reduction should be allowed on the contract for the time the mill remained undisturbed.

**Same—Damages.**

The damages for loss by removal of the dam, could only be estimated from the actual time of its removal, and would not affect the rent already earned.

APPEAL FROM BATH CIRCUIT COURT.

June 14, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

By a contract made the 30th day of September, 1868, John D. Ragland leased to Edward Wells his farm containing about 1,200 acres of land and mill property situated thereon, upon Licking river, for a term of five years, commencing on the 1st of November,

1868, for an annual rent of $1,000, for which the lessee and James L. Warren, as his surety, executed their five promissory notes, but the following stipulation was expressed in the lease:

> "That in case the mill-dam shall be removed by law, during said term, proper allotment of the rent shall be made, which if the parties can not agree upon shall be left to the award of two disinterested person, chosen by the parties for the purpose."

The appellants being sued on their note for the first instalment of the rent, filed an answer setting forth the contract of leasing and alleging that by legal proceedings instituted under the laws, and by the authority of the State, said mill-dam was removed on the 6th day of November, 1869, Ragland, the lessee, being largely compensated in damages, and the mill, its fixtures and appurtenances being rendered useless, by the removal of the dam, the lessee thereby sustained a loss of $3,750, or $750 per year, for the five years of his term.

They further alleged a refusal on the part of Ragland to unite in the selection of persons to adjust the loss under the contract. And making their answer a "cross-petition and counter-claim," they sought to have the case transferred to equity, and their loss in consequence of the removal of the mill-dam ascertained and applied in the abatement of the several notes.

The court overruled a motion of the defendants to transfer the cause to equity, and sustained a demurrer to their answer, and rendered a judgment for the debt of $1,000 in the petition mentioned, and this appeal is prosecuted to reverse that judgment.

The facts alleged were certainly such as to entitle the defendants to an abatement of rents accruing under the contract after the removal of the mill-dam, but as we construe the contract, it did not contemplate any reduction of stipulated rents accruing before the removal of the dam. The entire amount of the note sued on was due for the use of the property before the removal of the dam, and the consideration of that note was not, therefore, affected by the subsequent impairment of the value of the use of the property, which under the contract operated from its date to reduce correspondingly the subsequently accruing rents. But it did not, in our opinion, constitute a valid defense to the note which is the foundation of this action, either legal or equitable.

The court, therefore, properly refused to transfer the case and rightly sustained the plaintiff's demurrer to the answer.

Wherefore, the judgment is *affirmed*.

*Nesbitt & Gudgell, for appellants.*

*Hurt, for appellees.*